UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re: ) BK No.: 19-13686
FREDERICK BURTON )
) Chapter: 13
) Honorable David D. Cleary
)
)
)
Debtor(s) )

**AGREED REPAY ORDER WITH PROVISION FOR STAY RELIEF AND CO-DEBTOR STAY RELIEF UPON DEFAULT**

      THIS CAUSE coming to be heard on the motion of DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST SERIES INABS 2007-A, HOME EQUITY MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES INABS 2007-A (hereinafter, "Creditor"), for property located at 823 S Lombard Ave, Oak Park, IL, the Court having jurisdiction over the subject matter:

  IT IS HEREBY ORDERED:

   1.  The parties have agreed to repay the following post-petition default pursuant to the terms of this order:
    a.  Mortgage Payment(s)  02/01/20 - 04/01/20   3 payments @ $2,385.75  =  $7,157.25
       Mortgage Payment(s)  05/01/20 - 07/01/20   3 payments @ $2,708.88  =  $8,126.64
       Mortgage Payment       08/01/20                  1 payment @ $2,698.12   =  $2,698.12
    b.  Bankruptcy Fees/Costs   $1,050.00 Motion for Relief; $181.00 Filing Fee   $1,231.00
                                                                                           SUB TOTAL     $19,213.01
    c.  Less amount in suspense (if any)                                                 (-$ 19.00  )
       Total Amount to be Repaid through this order                              $19,194.01

   2.  That Creditor must receive the following payments by the corresponding dates:
   a.  $9,600.00   to be received on or before August 24, 2020;
   b.  $1,599.01   plus the September, 2020 post-petition mortgage payment on or before the last day of that month;
   c.  $1,599.00   plus the October, 2020 post-petition mortgage payment on or before the last day of that month;
   d.  $1,599.00   plus the November, 2020 post-petition mortgage payment on or before the last day of that month;
   e.  $1,599.00   plus the December, 2020 post-petition mortgage payment on or before the last day of that month;
   f.  $1,599.00   plus the January, 2021 post-petition mortgage payment on or before the last day of that month;
   g.  $1,599.00   plus the February, 2021 post-petition mortgage payment on or before the last day of that month;

   3.  That Creditor must receive the payments listed in Paragraph #2 on or before the corresponding date. If Creditor fails to receive any one scheduled payment, the repayment schedule is void and if the

debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and her attorney, the stay and co-debtor stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

4. That upon completion of the repayment schedule of paragraph #2 or tender of funds to bring the loan post-petition current under paragraph #3, the Debtor must continue to make "timely" post-petition mortgage payments directly to Creditor continuing monthly thereafter for the pendency of the bankruptcy;

5. That a payment is considered "timely", if the full payment is received in the office of the Creditor on or before the 15th day of the month in which it is due and a late charge is due on all payments received after the 15th day of the month (this provision applies only to the triggering of this order and does not affect what constitutes currency of the loan post-petition);

6. That if Creditor fails to receive two "timely" post-petition monthly mortgage payments and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay and co-debtor stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

7. Creditor's post-petition bankruptcy fees and costs of $1,231.00 are allowed and may be added to the indebtedness secured by the subject mortgage. These fees and costs have been included in the repayment schedule described herein;

8. In the event that Creditor should have to send out any Notices of Default, Creditor may include up to $100 per notice, as additional attorney fees, that the Debtor must pay in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice;

9. Upon dismissal, discharge, chapter conversion, or relief from stay, the foregoing terms and conditions shall cease to be binding, payments will be due pursuant to the terms of the original loan agreement and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against Debtors.

/s/ Brenda Ann Likavec  /s/ Robert Bansfield, Jr.
Attorney for Creditor   Attorney for Debtor

Enter:

Honorable David D. Cleary
United States Bankruptcy Judge

Dated: August 24, 2020

**Prepared by:**

Brenda Ann Likavec ARDC#6330036
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300   File No. (14-17-15571)